

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-91,942-01

### EX PARTE JASON LEE WILSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR07-00049A IN THE 294TH DISTRICT COURT
### FROM VAN ZANDT COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of burglary of a habitation and sentenced to twenty years' imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant alleges that the Parole Board is wrongly determining when he will be next reviewed for parole. According to Applicant, after the Parole Board last denied him release to parole (on April 7, 2020), the Parole Board wrongly set-off his next parole-review date for three years. Applicant argues that a set-off greater than one year cannot be applied to him because he was convicted of second-degree felony burglary of a habitation and not first-degree felony burglary of a habitation. *See* TEX. GOV'T CODE §§ 508.141(g), 508.149(a)(13); 37 TEX. ADMIN. CODE 145.12.

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Retzlaff*, 135 S.W.3d 45 (Tex. Crim. App. 2004). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

The trial court shall order the Board of Pardons and Paroles's Office of the General Counsel to obtain a response from a person with knowledge of relevant facts. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings as to whether Applicant's burglary of a habitation conviction was for a first or for a second degree felony and whether the Parole Board's set-off was proper. The trial court may make any other findings and conclusions it deems appropriate.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: December 9, 2020
Do not publish